IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SADIE JANE SABIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER P. NEWMAN, et al., <br><br> Defendants. | **ORDER DISSOLVING SIMPLY FUSION, LLC** <br><br> Case No. 1:19-cv-00112 <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

The parties have stipulated to the entry of an order to dissolve Simply Fusion, LLC, pursuant to the terms and conditions of an executed settlement agreement that resolves all matters in dispute in this action between them.

Based on its review of the complaint, the motion, and the proposed dissolution, the court makes the following findings:

1. Plaintiff Sadie Jane Sabin is an individual residing in Kaysville, Utah.

2. Plaintiff Simply Sadie Jane, LLC, is a limited liability company having a principal place of business in Kaysville, Utah.

3. Nominal Plaintiff Simply Fusion, LLC, is a Utah limited liability company having a principal place of business in Kaysville, Utah, with Ms. Sabin and Christopher Newman being its sole members.

4. Defendant Christopher P. Newman is an individual residing in Lindon, Utah.

5. Defendant Cinechopper, LLC, is a Utah limited liability company having a principal place of business in Lindon, Utah.

1

6.     Utah Code § 48-3a-701 provides that "[a] limited liability company is dissolved, and its activities and affairs must be wound up upon the occurrence of . . . the consent of all the members . . . [or] on application by a member, the entry by the district court of an order dissolving the limited liability company on the grounds that . . . it is not reasonably practicable to carry on the limited liability company's activities and affairs in conformity with the certificate of organization and the operating agreement."

7.     Pursuant to the terms of the settlement agreement entered into by all the parties to this action, the members of Simply Fusion consent to its dissolution.

8.     In addition, because any business relationship between the parties has been terminated pursuant to the settlement agreement, it is not reasonably practicable to carry on Simply Fusion's activities, which was the accounting of profits for the business relationship between its members.

9.     The proposed dissolution of Simply Fusion meets the requirements set forth in Utah Code § 48-3a-701 and is fair, reasonable, and consistent with the public interest. *Cf. Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 616 F.2d 1006, 1014–15 (7th Cir. 1980).

10.     The proposed dissolution "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction" and "com[es] within the general scope of the case made by the pleadings." *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (internal citation and quotation marks omitted).

11.     The proposed dissolution does not "conflict[] with or violate[] the [law] upon which the complaint was based" but instead "further[s] the objectives" of that law. *Id.* at 525–26.

## ORDER

Based on the foregoing findings, and good cause appearing, the court ORDERS that

1.  The stipulated dissolution of Simply Fusion is approved.

2.  Simply Fusion, LLC, is hereby dissolved.

3.  Any assets that are currently controlled or owned by Simply Fusion shall be allocated pursuant to the terms of the settlement agreement entered into by the parties.

4.  The court shall maintain jurisdiction over this action for purposes of enforcement of this dissolution and the settlement agreement between the parties.

DATED this 28th day of April, 2021.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge